Shirley NORMAN, Appellant,

v.

**ARKANSAS DEPARTMENT OF EDUCATION, Ann Poteet, and Paul Leuhr, Appellees.**

No. 95–2881.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 9, 1996.

Decided April 3, 1996.

Mark Terry Burnette, argued, Little Rock, AR (John W. Walker, Little Rock, AR, on the brief), for appellant.

Tim C. Humphries, argued, Little Rock, AR (Winston Bryan, Atty. Gen., of the brief), for appellee.

Before BEAM, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Shirley Norman appeals the district court's order denying her Motion to Set Aside Order of Dismissal and dismissing her case with prejudice. We reverse.

## I.

Pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e through 2000e–17, and 42 U.S.C. § 1981(a), Shirley Norman (acting *pro se*) sued the Arkansas Department of Education, Ann Poteet, and Paul Leuhr for employment discrimination. Approximately eight months after filing the action, Ms. Norman received a letter from the district court inquiring why she had not taken any action in her case for several months. The letter indicated that, under Local R. C–1(c)(2) (E.D.Ark.), the case would be dismissed without prejudice unless she responded within thirty days to the court's inquiry. Two weeks later, she sent the court a certified letter indicating that she wished to continue pursuing the case and that she was in the process of responding to the defendants' first set of interrogatories. The court received her letter a week before the thirty-day time limit expired.

A few days after receiving her letter, the court dismissed Ms. Norman's case without prejudice for want of prosecution, stating that the dismissal was because she had failed to respond to the earlier inquiry. Ms. Norman then secured the services of an attorney, who promptly filed a motion asking the court to reinstate her case because she had in fact responded as required.

Despite being alerted to its mistake, the court did not rule on the motion. Instead, it sent Ms. Norman another letter which acknowledged receiving her response and stated, "Court records indicate that you have taken little or no action to prosecute this case.... If you immediately begin actively prosecuting your case, the Court will re-open the case and allow you to pursue it.... If you continue to remain inactive, the Court will have no choice but to dismiss the case with prejudice." Approximately three months after sending this second letter, the court entered an order denying Ms. Norman's motion and dismissing the case with prejudice for want of prosecution. Ms. Norman now appeals.

## II.

Ms. Norman contends that the district court abused its discretion by denying her motion to set aside the order of dismissal. She also argues that the court erred by dismissing her case with prejudice. We agree.

## A.

■ Although Ms. Norman did not specify upon which rule she based her motion, we consider it a motion under Fed.R.Civ.P. 59(e) to alter or amend a judgment because "any motion that draws into question the correctness of the judgment is functionally a motion under [Fed.R.Civ.P. 59(e)], whatever its label." *Quartana v. Utterback,* 789 F.2d 1297, 1300 (8th Cir.1986), quoting 9 J. Moore, *Moore's Federal Practice* ¶ 204.12[1] at 4–82 (2d ed. 1995). The Supreme Court has noted that Fed.R.Civ.P. 59(e) was adopted "to mak[e] clear that the district court possesses the power to rectify its own mistakes in the period immediately following the entry of judgment." *White v. New Hampshire Dep't of Employment Sec.,* 455 U.S. 445, 450, 102 S.Ct. 1162, 1166, 71 L.Ed.2d 325 (1982) (internal quotations omitted); *see also Ray E. Friedman & Co. v. Jenkins,* 824 F.2d 657, 660 (8th Cir.1987). Such a motion is therefore appropriate in cases where the court has based an order on a factual error.

■ Here, the court clearly dismissed the case without prejudice because it believed that Ms. Norman had failed to respond to its inquiry within thirty days as required by Local R. C–1(c)(2) (E.D.Ark). In fact, she had sent a timely response, but the court was evidently unaware of it. Ms. Norman, in her motion, alerted the court to this oversight.

■ The fact that the court made a mistake is not, by itself, enough to warrant granting Ms. Norman's motion. The Supreme Court has held that a district court has the power under Fed.R.Civ.P. 41(b) to dismiss a case *sua sponte* for failure to prosecute. *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31, 82 S.Ct. 1386, 1388–89, 8 L.Ed.2d 734 (1962). The district court may dismiss a case "even though the circumstances in which the local rule calls for dismissal do not exist," 9 Charles A. Wright and Arthur R. Miller, *Federal Practice and Procedure: Civil* 2d § 2370 at 352 (1995), and relief under Fed.R.Civ.P. 59(e) is generally available only when a manifest error affects the "correctness of the judgment," *Seshachalam v. Creighton Univ. Sch. of Medicine,* 545 F.2d 1147, 1147 (8th Cir.1976) (*per curiam*), *cert. denied,* 433 U.S. 909, 97 S.Ct. 2974, 53 L.Ed.2d 1093 (1977), *see also* 11 Charles A. Wright, Arthur R. Miller and Mary Kay Kane, *Federal Practice and Procedure: Civil* 2d § 2810.1 at 125 (1995). Therefore, if the court could have dismissed the case regardless of whether Ms. Norman had responded to its inquiry, it was not an abuse of discretion to deny her post-judgment motion.

In this case, however, we do not believe that the court had any reason not to vacate the first dismissal after it learned about Ms. Norman's timely response. Fewer than nine months had passed after she filed the lawsuit when the court dismissed the case without prejudice, nearly three months remained before trial, and Ms. Norman, who was litigating the case *pro se,* had not missed a single court deadline or requested any continuances. (The defendants did file a motion to compel Ms. Norman to respond to their discovery requests shortly before the case was dismissed without prejudice, but the court had not issued any order in response to their motion.)

In this situation, we do not understand why the court came to believe that Ms. Norman was not actively prosecuting her case. Local rules direct the parties not to file discovery documents (interrogatories, depositions, requests for production), *see* Local R. C–1(f), D–1(e) (E.D.Ark.), instruct attorneys not to furnish the court with copies of communications between themselves, *see* Local R. D–2(a) (E.D.Ark.), and expressly prohibit *ex parte* oral communications between the court and litigants, *see* Local R. D–2(b) (E.D.Ark.). The only progress report that the court could have expected from Ms. Norman was her letter, which indicated that she wished to continue pursuing the case and that she was in the process of complying with the defendants' discovery requests. Because the record contains no indication that Ms. Norman was not actively pursuing her case, we find that the district court abused its discretion by denying Ms. Norman's motion.

## B.

■ Ms. Norman also contends that the district court erred by dismissing her case with prejudice. She argues that her case

was terminated when the court dismissed it without prejudice, and that therefore the court lacked jurisdiction to take further action until the case was either reopened or refiled. We agree.

As we noted above, the court did not reopen the case after learning that the first dismissal without prejudice was based on erroneous information. In the letter responding to Ms. Norman's motion, the court clearly indicated that the case remained closed. The letter said, "If you immediately begin actively prosecuting your case, the Court will re-open the case and allow you to pursue it." The order dismissing the case with prejudice again acknowledged that the first dismissal remained in effect: "If plaintiff had begun to prosecute this action, the Court would have re-opened it."

We have held that the "effect of a voluntary dismissal without prejudice is to render the proceedings a nullity and leave the parties as if the action had never been brought." *In re Piper Aircraft Distrib. Sys. Antitrust Litig.*, 551 F.2d 213, 219 (8th Cir.1977); *see also Rosso v. Magraw*, 288 F.2d 840, 841 (8th Cir.1961) (*per curiam*). We think that this principle applies with equal force when the court dismisses a case without prejudice on its own initiative. Therefore, after the initial dismissal, Ms. Norman's case was no longer pending before the court. The court consequently lacked jurisdiction to take any further action in it, including dismissing the case with prejudice.

■ Even if Ms. Norman's case had been pending before the district court, we think that it would have been an abuse of discretion to dismiss it with prejudice. Because "[d]ismissal with prejudice is a drastic and extremely harsh sanction," *Clayton v. White Hall Sch. Dist.*, 778 F.2d 457, 460 (8th Cir.1985), we have held that "[c]ases should be dismissed with prejudice only where the plaintiff has intentionally delayed the action ... or where the plaintiff has consistently and wilfully failed to prosecute his claim." *Sterling v. United States*, 985 F.2d 411, 412 (8th Cir.1993) (*per curiam*); *see also Navarro v. Chief of Police, Des Moines, Iowa*, 523 F.2d 214, 216–17 (8th Cir.1975) (*per curiam*) (internal quotations omitted) (requiring a

"clear record of delay or contumacious conduct").

For the reasons we set out above, we believe that the plaintiff's conduct in this case would not justify dismissal with prejudice. Ms. Norman had not intentionally delayed the action. To the contrary, so far as the record shows, she had done everything the court required, and she reported that she was actively pursuing her case by responding to the defendants' discovery requests. *See Jackson v. Schoemehl*, 788 F.2d 1296, 1299 (8th Cir.1986) (finding failure to file proposed findings of fact and conclusions of law for two years did not justify dismissal with prejudice).

### III.

For the foregoing reasons, we reverse the judgment of the district court and remand the case for proceedings consistent with this opinion.