# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2624

_____

Martin Lindstedt,                                        *
                                                         *
        Appellant,                             *
                                                         *
    v.                                             *   Appeal from the United States
                                                         *   District Court for the
City of Granby; Craig Hopper, Mayor,                     *   Western District of Missouri
City of Granby; Robert Loudermilk,                       *
Councilman, City of Granby; Jay                          *   [UNPUBLISHED]
Jeter, then Councilman, City of                          *
Granby; Pat Canever; Jim Channel;                        *
Richard Thexton, Jr.                                     *
                                                         *
        Appellees.                             *

_____

Submitted:  November 10, 1999

Filed:  December 6, 1999

_____

Before McMILLIAN, BRIGHT, and MURPHY, Circuit Judges.

_____

PER CURIAM.

     Martin Lindstedt appeals from the final judgment entered in the District Court[1] for the Western District of Missouri dismissing his 42 U.S.C. § 1983 complaint with

_____

    [1]The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

prejudice as a sanction for failure to respond to discovery requests, and from the court's subsequent order denying his Fed. R. Civ. P. 59(e) motion. We conclude the district court did not abuse its discretion in dismissing Lindstedt's complaint with prejudice or in denying his Rule 59(e) motion because Lindstedt's delay in answering defendants' interrogatories was deliberate. See Norman v. Arkansas Dep't of Educ., 79 F.3d 748, 750 (8th Cir. 1996) (standard of review of Rule 59(e) motions); Boogaerts v. Bank of Bradley, 961 F.2d 765, 768 (8th Cir. 1992) (per curiam) (standard of review of Fed. R. Civ. P. 37(b)(2)(C) dismissals); Avionic Co. v. General Dynamics Corp., 957 F.2d 555, 558 (8th Cir. 1992) (dismissal appropriate where party's failure was deliberate or in bad faith).

Accordingly, we affirm the judgment of the district court. See 8th Cir. R. 47A(a).

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.