The Central Nebraska Public Power and Irrigation District, a public corporation and political subdivision of the State of Nebraska, appellant, v. Jeffrey Lake Development, Inc., a Nebraska nonprofit corporation, et al., appellees.

679 N.W.2d 235

Filed May 14, 2004.    No. S-03-701.

Michael C. Klein, of Anderson, Klein, Peterson & Swan, for appellant.

Todd B. Vetter, of Fitzgerald, Vetter & Temple, and Steve Windrum for appellees.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

WRIGHT, J.

## NATURE OF CASE

The Central Nebraska Public Power and Irrigation District (Central) filed this declaratory judgment action against Jeffrey Lake Development, Inc. (Jeffrey Lake), and other sublessees, seeking interpretation of the parties' rights under a lease agreement, including the notice required to terminate the agreement. The district court sustained the defendants' demurrers, finding that no justiciable controversy existed, and dismissed the petition.

## SCOPE OF REVIEW

■ Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. *Cerny v. Longley*, 266 Neb. 26, 661 N.W.2d 696 (2003).

■ In an appellate court's review of a ruling on a demurrer, the court is required to accept as true all the facts which are well pled and the proper and reasonable inferences of law and fact which may be drawn therefrom, but not the conclusions of the pleader. *Rodehorst v. Gartner*, 266 Neb. 842, 669 N.W.2d 679 (2003).

## JURISDICTIONAL QUESTION

Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. *Cerny v. Longley, supra.* Jeffrey Lake and other defendants assert that we are without jurisdiction to consider this appeal because Central failed to timely perfect the appeal. Therefore, we address this jurisdictional question before considering the assignments of error set forth by Central.

Central filed its declaratory judgment action on December 31, 2002, asking the district court to construe the agreement between the parties. Jeffrey Lake and certain sublessees filed demurrers, alleging that the petition failed to state facts sufficient to constitute a cause of action. In an order filed on April

24, 2003, the district court sustained the demurrers and dismissed the petition, finding that the petition failed to state facts sufficient to constitute a cause of action because no justiciable controversy existed.

Central filed a motion for new trial on May 2, 2003, and the motion was overruled on June 9. Central filed its notice of appeal on June 18. The notice stated that Central was appealing from the judgment entered on April 23 (filed on April 24) and the order overruling Central's motion for new trial entered on May 29 (filed on June 9). The appeal was docketed in the Nebraska Court of Appeals.

Jeffrey Lake subsequently filed a motion for summary dismissal of the appeal, asserting that the Court of Appeals lacked jurisdiction because Central's notice of appeal was filed more than 30 days after the order dismissing the petition. See Neb. Rev. Stat. § 25-1912 (Cum. Supp. 2002). The Court of Appeals overruled the motion for summary dismissal and directed the parties to file briefs addressing whether a motion for new trial filed after a demurrer has been sustained tolls the time for filing a notice of appeal.

In overruling the motion for summary dismissal, the Court of Appeals relied on *Forrest v. Eilenstine*, 5 Neb. App. 77, 554 N.W.2d 802 (1996), where the court stated that a motion for new trial following the sustaining of a demurrer was not a proper motion for new trial. The Court of Appeals did not have the opportunity to address this issue because Central's appeal was moved to the docket of this court on December 2, 2003.

Neb. Rev. Stat. § 25-1142 (Cum. Supp. 2002) provides in relevant part:

> A new trial is a reexamination in the same court of an issue of fact after a verdict by a jury, report of a referee, or a trial and decision by the court. The former verdict, report, or decision shall be vacated and a new trial granted on the application of the party aggrieved for any of the following causes affecting materially the substantial rights of such party: . . . (6) that the verdict, report, or decision is not sustained by sufficient evidence or is contrary to law . . . .

In the case at bar, the district court sustained the defendants' demurrers and dismissed the petition. Since there was no verdict

by a jury or trial and decision by the district court, Central's May 2, 2003, motion was not a proper motion for new trial under § 25-1142, which tolls the time for filing a notice of appeal. This determination, however, does not end our jurisdictional review.

■ We have stated that a postjudgment motion must be reviewed based on the relief sought by the motion, not based on the title of the motion. See *State v. Bellamy*, 264 Neb. 784, 652 N.W.2d 86 (2002). Thus, we must determine whether Central's May 2, 2003, motion should be treated as a motion to alter or amend the judgment pursuant to Neb. Rev. Stat. § 25-1329 (Cum. Supp. 2002), which tolls the time for filing a notice of appeal.

■ In *Bellamy*, we held that "in order to qualify for treatment as a motion to alter or amend a judgment, a motion must be filed no later than 10 days after the entry of judgment, as required under § 25-1329, and *must seek substantive alteration of the judgment*." (Emphasis supplied.) 264 Neb. at 789, 652 N.W.2d at 90. Central's motion filed May 2, 2003, stated: "COMES NOW the Plaintiff, The Central Nebraska Public Power & Irrigation District, and moves the Court to vacate the Order rendered hereon April 23, 2003, and to grant Plaintiff a new trial for the reason that the decision is contrary to law." Central argues that its motion was in fact a motion to alter or amend the judgment because it sought a substantive alteration of the judgment. The legal question before us is whether Central's motion should be treated as a motion to alter or amend the judgment, which tolls the time for filing an appeal. See *State v. Bellamy, supra.*

In federal courts, when the statutory basis for a motion challenging a judgment on the merits is unclear, the motion may be treated as a motion pursuant to Fed. R. Civ. P. 59(e). See, e.g., *U.S. v. Deutsch*, 981 F.2d 299 (7th Cir. 1992). A rule 59(e) motion seeks to alter or amend the judgment. In *Bellamy*, we noted that federal courts have held that a motion for reconsideration, if filed within 10 days of the entry of the judgment, is the functional equivalent of a motion to alter or amend a judgment brought pursuant to rule 59(e). See, also, *U.S. v. Deutsch, supra.* The *Deutsch* court noted a distinction between procedural motions (such as requests for an extension of time) or motions that begin collateral proceedings (such as a proceeding to obtain an award of costs or attorney fees), which do not fall under rule 59(e), and motions

which if granted would result in a substantive alteration in the judgment. See, also, *White v. New Hampshire Dept. of Empl. Sec.*, 455 U.S. 445, 102 S. Ct. 1162, 71 L. Ed. 2d 325 (1982). In *Norman v. Arkansas Dept. of Educ.*, 79 F.3d 748, 750 (8th Cir. 1996), the court stated: " '[A]ny motion that draws into question the correctness of the judgment is functionally a motion under [rule 59(e)], whatever its label.' " The court also pointed out that rule 59(e) was adopted to make clear that the district court possessed the power to rectify its own mistakes in the period immediately following the entry of the judgment.

Central's motion asked the district court to vacate its order dismissing Central's petition on the basis that the decision was contrary to law. Therefore, Central sought a substantive alteration of the order which can be treated as a motion to alter or amend the judgment pursuant to § 25-1329 in that the motion questioned the correctness of the judgment. See *Norman v. Arkansas Dept. of Educ., supra.* A timely motion under § 25-1329 tolls the time for filing a notice of appeal. See § 25-1912(3).

In order to vest an appellate court with jurisdiction, a notice of appeal must be filed within 30 days of the entry of the final order or the overruling of a motion described in § 25-1912(3). Central filed its notice of appeal on June 18, 2003, which was within 30 days after Central's motion was overruled on June 9. Therefore, we conclude that Central's notice of appeal was timely and that we have jurisdiction over this matter.

## FACTS

We now consider the facts that are relevant to the merits of Central's appeal. In its petition for declaratory judgment, Central asked the district court to construe the agreement between the parties. Central stated that it "wishe[d] to terminate each of the leases, because the leases are of substantial rental value, and provide for no payment of rent to Central." Central contended that the agreement established a tenancy at will which could be terminated at any time by either party.

Central's petition asserted two alternative theories: It first argued that the tenancy was from year to year and, as such, could be terminated by agreement, either express or implied, or by notice given for 6 calendar months ending with the day of the

year on which the tenancy commenced. Central's second argument asserted that the tenancy was for a term of 31 years beginning May 1, 1980, and expiring on April 30, 2011, at which time the tenancy converts to a yearly tenancy which can be terminated with 6 months' notice.

The defendants demurred to the petition, asserting that it did not state facts sufficient to constitute a cause of action. The district court sustained the demurrers, finding that no justiciable controversy existed. The court noted that Central had pled that it "wishe[d]" to terminate the lease agreement, but that Central had not pled that it had taken any action to terminate the agreement. The court concluded that Central could not amend the petition to state facts sufficient to constitute a cause of action and dismissed the petition.

The district court also granted a motion for a change of venue should the cause be remanded for further proceedings. It noted that only 1 of the 185 defendants in the case resided in Phelps County.

## ASSIGNMENTS OF ERROR

Central has assigned as error and argued that the district court erred in sustaining the defendants' demurrers, in finding that Central's petition did not present a justiciable controversy, and in finding that venue should be changed to Lincoln County.

## ANALYSIS

### DEMURRER

■ This matter was previously before us in *Jeffrey Lake Dev. v. Central Neb. Pub. Power*, 262 Neb. 515, 633 N.W.2d 102 (2001). Central argues that our decision therein did not resolve the issue of what notice is necessary in order for Central to terminate the lease agreement and that, therefore, a justiciable controversy exists. Central relies on *Mullendore v. Nuernberger*, 230 Neb. 921, 925, 434 N.W.2d 511, 514-15 (1989), in which we stated:

"The remedy of declaratory judgment may be available to a litigant when a controversy exists as a result of a claim asserted against one who has an interest in contesting such claim, the controversy is between persons whose interests are adverse, the party seeking declaratory relief has a legally

protectable interest or right in the subject matter of the controversy, and the issue involved is capable of present judicial determination."

Central claims that its petition for declaratory judgment met the criteria set forth in *Mullendore* because (1) the petition states that the parties disagree as to the term of the lease, (2) the parties have adverse interests, (3) Central has a legally protectable interest in the subject matter, and (4) the required notice is a controversy capable of present judicial determination. Central argues that it should not be required to issue a notice of termination of the lease in order for the dispute to be subject to resolution by an action for declaratory judgment. Central suggests that it would risk violating an injunction previously entered by a district court if it were to give notice of its intention to terminate the lease.

A court should refuse a declaratory judgment action unless the pleadings present a justiciable controversy which is ripe for judicial determination. *Ryder Truck Rental v. Rollins*, 246 Neb. 250, 518 N.W.2d 124 (1994). An action for declaratory judgment cannot be used to decide the legal effect of a state of facts which are future, contingent, or uncertain. *Id.* In *Ryder Truck Rental*, we stated it is not enough that there exists "[m]ere apprehension or the mere threat of an action or a suit . . . ." 246 Neb. at 253, 518 N.W.2d at 127. A declaratory judgment action is not intended "to adjudicate hypothetical or speculative situations which may never come to pass." *Id.* at 254, 518 N.W.2d at 127.

In *Ryder Truck Rental*, the truck rental company asked the trial court to determine liability before any action had been filed following a vehicular accident involving one of Ryder's trucks. The trial court did not know if the injured party would file an action against Ryder or in which state the suit might be filed. We noted that the type of claim the injured party might raise was unknown, and we held that the required element of controversy did not exist and might never so exist. In the case at bar, the district court did not know on what basis the parties might bring a future action. Central has not attempted to terminate the lease agreement, but merely stated in its petition that it "wishes" to do so.

A court should enter a declaratory judgment "only where such judgment would terminate or resolve the controversy

between the parties." *Id.* at 254, 518 N.W.2d at 127. A court should not grant declaratory relief for a party "who simply is in a position of one expecting to be sued and who desires an anticipatory adjudication at the time and place of its choice of the validity of defenses it expects to raise." *Id.* at 256, 518 N.W.2d at 128. Similarly, a court should not grant such relief to one who expects to file a suit or may file a suit and who seeks advice from the court on how to initiate such action.

In an appellate court's review of a ruling on a demurrer, the court is required to accept as true all the facts which are well pled and the proper and reasonable inferences of law and fact which may be drawn therefrom, but not the conclusions of the pleader. *Rodehorst v. Gartner,* 266 Neb. 842, 669 N.W.2d 679 (2003). Accepting as true the facts pled by Central, we conclude that the district court did not err in sustaining the demurrers and dismissing the petition because there is no justiciable controversy between the parties at this time. In the absence of an actual case or controversy requiring judicial resolution, it is not the function of the courts to render a judgment that is merely advisory. *Wilcox v. City of McCook,* 262 Neb. 696, 634 N.W.2d 486 (2001). We decline to render such an opinion.

### VENUE

Central also asserts that the district court erred in finding that if the cause is remanded for further proceedings, venue is proper in Lincoln County rather than in Phelps County. Since we have determined that the district court did not err in dismissing the petition, no remand is necessary. We therefore decline to address any issues regarding the proper venue for commencement of an action.

### MOTION FOR NEW TRIAL

Central has assigned as error that the district court erred in overruling its motion for new trial, but Central failed to argue this error in its brief. Therefore, it will not be considered on appeal. See *In re Estate of Matteson, ante* p. 497, 675 N.W.2d 366 (2004) (to be considered by appellate court, alleged error must be both specifically assigned and specifically argued in brief of party asserting error).

## CONCLUSION

For the reasons set forth herein, the district court was correct in its determination that a justiciable controversy did not exist between the parties. We therefore affirm the judgment of the district court, which sustained the defendants' demurrers and dismissed the action.

AFFIRMED.