742 N.W.2d 778 (2007)
16 Neb. App. 217
Brian Thomas BECKMAN, Appellant,
v.
Christina Joy McANDREW, Appellee.
No. A-06-910.
Court of Appeals of Nebraska.
December 4, 2007.
*779 Christopher A. Vacanti, of Cohen, Vacanti, Higgins & Shattuck, Omaha, for appellant.
Robert E. O'Connor, Jr., Omaha, for appellee.
INBODY, Chief Judge, and IRWIN and MOORE, Judges.
MOORE, Judge.

INTRODUCTION
Brian Thomas Beckman appeals from an order of the district court for Douglas County modifying a decree of paternity with respect to visitation and other matters. Following entry of the order, Beckman filed a motion to dismiss with the district court, claiming that the district court no longer had jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), specifically Neb.Rev.Stat. § 43-1239(a)(2) (Reissue 2004). We conclude that the motion to dismiss was a tolling motion under Neb. Rev.Stat. § 25-1912(3) (Cum.Supp.2006) and that because a ruling on the motion was not announced prior to the filing of the notice of appeal, the notice of appeal *780 was of no effect and we do not have jurisdiction to hear this appeal.

BACKGROUND
Beckman and Christina Joy McAndrew are the parents of a child born October 16, 2000. A paternity decree was entered on February 6, 2002, which awarded custody of the child to McAndrew and set Beckman's visitation rights. At the time of the decree, Beckman was residing in Colorado and McAndrew and the child were residing in Omaha, Nebraska. On December 24, 2003, an order of modification was entered which granted McAndrew permission to remove the child from Nebraska to Kansas and altered the visitation provisions. On September 6, 2005, Beckman filed a complaint for modification in the district court for Douglas County, again requesting a modification of the visitation provisions. McAndrew filed an answer and counterclaim wherein she denied a material change in circumstances as alleged by Beckman, but McAndrew requested other modifications in the event the court decided to modify the decree. At the time the complaint for modification was filed, Beckman was still residing in Colorado and McAndrew and the child were residing in Kansas. Beckman alleged in his complaint that the court had jurisdiction over the subject matter and parties.
A trial on Beckman's application was held in the district court on July 12, 2006, at which time both parties presented evidence. On July 18, an order was entered which modified the decree in various respects. In the order, the district court noted that "[t]he Court has full and complete jurisdiction over the subject matter of this action, and the parties to this proceeding." On July 19, Beckman filed a motion to dismiss in the district court, asserting for the first time that the district court lacked subject matter jurisdiction under the UCCJEA, specifically Neb.Rev. Stat. § 43-1238 (Reissue 2004) and § 43-1239, and citing to Paulsen v. Paulsen, 11 Neb.App. 582, 658 N.W.2d 49 (2003). Beckman alleged that because neither party has resided in Nebraska since June 2003, the exercise of continuing jurisdiction was improper and the court should dismiss the action. On August 15, a hearing was held on the motion to dismiss, at which time the court heard arguments. We have no record of any announcement by the court of a decision on August 15. In an order entered on August 23, the court noted that Beckman had also filed a notice of appeal on August 15, divesting the court of jurisdiction to take further action pending resolution of the appeal. Nevertheless, the district court denied the motion to dismiss. Beckman appeals from the order of modification entered July 18.

ASSIGNMENTS OF ERROR
Beckman assigns error to the district court's finding that a material change of circumstances existed warranting a reduction of Beckman's parenting time rights with the child. Beckman also assigns error to the district court's failure to find that it lacked subject matter jurisdiction to modify the decree.

STANDARD OF REVIEW
[1] When a jurisdictional question does not involve a factual dispute, determination of the issue is a matter of law, which requires an appellate court to reach a conclusion independent from the trial court. Watson v. Watson, 272 Neb. 647, 724 N.W.2d 24 (2006).

ANALYSIS
[2-4] Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. Waite v. City of Omaha, 263 Neb. 589, 641 N.W.2d 351 (2002); State v. Blair, 14 Neb. App. 190, 707 N.W.2d 8 (2005). Notwithstanding whether the parties raise the issue *781 of jurisdiction, an appellate court has a duty to raise and determine the issue of jurisdiction sua sponte. Waite, supra.
[5-9] We must first examine the effect of Beckman's filing of the motion to dismiss; specifically whether it is a tolling motion contemplated by Neb.Rev.Stat. § 25-1912(3) (Cum.Supp.2006). A postjudgment motion must be reviewed based on the relief sought by the motion, not based on the title of the motion. Woodhouse Ford v. Laflan, 268 Neb. 722, 687 N.W.2d 672 (2004). See Weeder v. Central Comm. College, 269 Neb. 114, 691 N.W.2d 508 (2005). When the statutory basis for a motion challenging a judgment on the merits is unclear, the motion may be treated as a motion to alter or amend the judgment. See Woodhouse Ford, supra. A determination as to whether a motion, however titled, should be deemed a motion to alter or amend a judgment depends upon the contents of the motion, not its title. State v. Bellamy, 264 Neb. 784, 652 N.W.2d 86 (2002); Vesely v. National Travelers Life Co., 12 Neb.App. 622, 682 N.W.2d 713 (2004); Lee Sapp Leasing v. Ciao Caffe & Espresso, Inc., 10 Neb. App. 948, 640 N.W.2d 677 (2002). In order to qualify for treatment as a motion to alter or amend the judgment, the motion must be filed no later than 10 days after the entry of judgment, as required under Neb.Rev.Stat. § 25-1329 (Cum.Supp.2006), and must seek substantive alteration of the judgment. Weeder v. Central Comm. College, supra; State v. Bellamy, supra. If a motion seeks substantive alteration of a judgment, as opposed to the correction of clerical errors or relief wholly collateral to the judgment, a court may treat the motion as one to alter or amend the judgment. Strong v. Omaha Constr. Indus. Pension Plan, 270 Neb. 1, 701 N.W.2d 320 (2005).
Following the above principles, the Nebraska Supreme Court and this court have treated a variety of postjudgment motions as motions to alter or amend. There are several cases wherein a motion for new trial has been treated as a motion to alter or amend. See, id.; Allied Mut. Ins. Co. v. City of Lincoln, 269 Neb. 631, 694 N.W.2d 832 (2005); Weeder v. Central Comm. College, supra; Diversified Telecom Servs. v. Clevinger, 268 Neb. 388, 683 N.W.2d 338 (2004); Central Neb. Pub. Power v. Jeffrey Lake Dev., 267 Neb. 997, 679 N.W.2d 235 (2004). The Supreme Court has also stated that a motion for reconsideration is the functional equivalent of a motion to alter or amend a judgment. See, Strong v. Omaha Constr. Indus. Pension Plan, supra; Allied Mut. Ins. Co. v. City of Lincoln, supra; Woodhouse Ford v. Laflan, supra. In DeBose v. State, 267 Neb. 116, 672 N.W.2d 426 (2003), the court found that the plaintiffs' motion, which was filed after dismissal of their action on statute of limitations grounds and which requested reinstatement of their action, was properly characterized as a motion to alter or amend a judgment.
We conclude that Beckman's motion to dismiss in this case should be treated as a motion to alter or amend because it asks for vacation of the July 18, 2006, order and dismissal of the action. At the time Beckman's notice of appeal was filed on August 15, there had been no announcement by the court or order entered with regard to the motion to dismiss. Therefore, under § 25-1912(3), the notice of appeal filed on August 15 was of no effect. No new notice of appeal was filed from the order entered on August 23, ruling on the motion to dismiss. Therefore, this court is without jurisdiction to hear this appeal.
APPEAL DISMISSED.