court did not abuse its discretion in its resolution of these issues in favor of Andrew. We reverse the judgment of the Court of Appeals with respect to the issues of removal and modification of custody. Because further review was not requested, we do not disturb that portion of the Court of Appeals' judgment pertaining to visitation by Chesley and Ember's child support obligation. We remand the cause to the Court of Appeals with directions to affirm the judgment of the district court in all respects.

REVERSED AND REMANDED WITH DIRECTIONS.

HEAVICAN, C.J., participating on briefs.

———————

DWIGHT E. WHITESIDES, APPELLEE, V.
LINDA M. WHITESIDES, APPELLANT.
___ N.W.2d ___

Filed February 13, 2015.    No. S-13-493.

1. **Pleadings: Judgments.** A postjudgment motion must be reviewed based on the relief sought by the motion, not based on the title of the motion.
2. **Motions to Vacate: Proof: Appeal and Error.** An appellate court will reverse a decision on a motion to vacate or modify a judgment only if the litigant shows that the district court abused its discretion.
3. **Judges: Words and Phrases.** A judicial abuse of discretion exists when reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition.
4. **Jurisdiction: Words and Phrases.** Subject matter jurisdiction is the power of a tribunal to hear and determine a case in the general class or category to which the proceedings in question belong and to deal with the general subject matter involved.
5. **Courts: Jurisdiction: Divorce.** Pursuant to Neb. Rev. Stat. § 42-351 (Reissue 2008), full and complete general jurisdiction over the entire marital relationship and all related matters is vested in the district court in which a petition for dissolution of marriage is properly filed.
6. **Courts: Jurisdiction: Divorce: Property Settlement Agreements.** A district court, in the exercise of its broad jurisdiction over marriage dissolutions, retains jurisdiction to enforce all terms of approved property settlement agreements.
7. **Courts: Jurisdiction.** A court that has jurisdiction to make a decision also has the power to enforce it by making such orders as are necessary to carry its judgment or decree into effect.

8. **Pleadings.** A pleading has two purposes: (1) to eliminate from consideration contentions which have no legal significance and (2) to guide the parties and the court in the conduct of cases.

9. ____. Pleadings frame the issues upon which the cause is to be tried and advise the adversary as to what the adversary must meet.

10. **Pleadings: Due Process.** A court's determination of questions raised by the facts, but not presented in the pleadings, should not come at the expense of due process.

11. **Divorce: Modification of Decree: Property Settlement Agreements.** Where parties to a divorce action voluntarily execute a property settlement agreement which is approved by the dissolution court and incorporated into a divorce decree from which no appeal is taken, its provisions will not thereafter be vacated or modified in the absence of fraud or gross inequity.

12. **Appeal and Error.** An appellate court is not obligated to engage in an analysis that is not necessary to adjudicate the case and controversy before it.

Appeal from the District Court for Douglas County: W. Russell Bowie III, Judge. Affirmed as modified.

Susan A. Anderson, of Anderson, Bressman & Hoffman Law Firm, P.C., L.L.O., for appellant.

Philip B. Katz, of Koenig & Dunne Divorce Law, P.C., L.L.O., for appellee.

Heavican, C.J., Wright, Connolly, Stephan, McCormack, Miller-Lerman, and Cassel, JJ.

Cassel, J.

## INTRODUCTION

After a stipulated dissolution decree divided a partnership interest, the husband sought modification, contending that division of the interest could not be accomplished. The district court denied modification, but made findings regarding the interest's assignability and the husband's compliance with the decree. The wife appeals. Because these surplus findings deprived her of due process, we modify the order to strike them. As so modified, we affirm.

## BACKGROUND

Dwight E. Whitesides and Linda M. Whitesides' marriage was dissolved via a dissolution decree entered in December 2012. At the time of the decree, Dwight possessed a 6-percent

interest in a partnership known as the 20/20 Partnership. The partnership owned a commercial building with spaces leased to various tenants. Dwight testified that although the partnership had been using its income to pay off a mortgage, he expected his interest to produce a net income of approximately $500 to $600 every month.

At the time of trial, Dwight had offered his partnership interest for sale to the other partners for $60,000. The other partners had 30 days to accept the offer, and the time period for acceptance had not yet expired. Dwight testified that if the offer was accepted, the net proceeds would be split equally with Linda. However, if the other partners rejected the offer, he would transfer half of his interest to Linda. And he confirmed that half of the income produced from the interest would belong to Linda.

The parties entered into a stipulation reflecting Dwight's testimony as to the disposition of the partnership interest. Based upon the stipulation, the trial court entered its decree. Regarding the partnership interest, the decree stated:

> [Dwight] recently offered to sell his 6[-percent] interest in 20/20 partnership to the other 6 existing partners. Should any of the partners purchase said stock, the net proceeds shall be divided equally. Should none of the partners choose to accept [Dwight's] sale offer, [Dwight] shall take whatever administrative actions are required to transfer [half] of his interest to [Linda] pursuant to the 20/20 [operating agreement].

In February 2013, Dwight filed a "Motion to Alter or Amend Decree of Dissolution" pursuant to Neb. Rev. Stat. § 25-2001 (Reissue 2008). In the motion, he alleged that none of the other partners had accepted his offer to sell the partnership interest. And he further alleged that he had attempted to transfer half of his interest to Linda, but that the partnership had refused to comply with his instructions. Finally, he contended that Linda was unwilling to permit him to make an additional offer to sell the interest. Thus, he requested that the district court amend the decree to permit him to make additional offers to sell the interest.

Linda, however, opposed Dwight's request to make an additional offer to sell the partnership interest. Linda asserted that under the dissolution decree, she had a vested interest in half of the partnership interest. And if Dwight was permitted to make an additional offer, he would be given the exclusive authority to dispose of her share of the interest. Linda further contended that she was not seeking to be a member of the partnership. She sought only to be recognized as an assignee of half of Dwight's interest. And she argued that a complaint could be filed against the partnership to enforce the assignment or that Dwight could remit to her half of the net income from the partnership interest every year. She therefore requested that the district court enforce the dissolution decree and overrule the motion to alter or amend.

The district court entered an order on May 15, 2013, overruling the motion. But in doing so, the court made several findings as to the effect of various provisions in the partnership's operating agreement. These findings included:

> The [operating agreement] does not require the existing members to accept [Linda] as a member. [Linda's] suggestion that [Dwight] assign [half] of his interest to [her] would be equally untenable. [Linda] would be entitled to a distribution of profits, but may not have the corresponding obligation in the event [the partnership] elected to make capital improvements to its office building, and [Dwight] would be responsible for any taxable gains, and benefit from any taxable losses. Further, the [o]perating [a]greement does not provide for an assignment or transfer of less than 100 [percent] of a member's interest.

The district court further concluded that Dwight had fully performed his obligations under the dissolution decree. He had offered the partnership interest for sale, and when the offer was rejected, he had attempted to transfer half of the interest to Linda. The court acknowledged that the result achieved was not one that the parties had contemplated at the time of the decree. Although the interest was a marital asset, the court had no value for the interest which it could divide between

the parties. It therefore overruled the motion to alter or amend the decree.

Linda filed a timely notice of appeal. We moved the case to our docket pursuant to statutory authority.[1]

## ASSIGNMENTS OF ERROR

Linda assigns, restated, that the district court erred in its findings contained in the May 15, 2013, order, because (1) the court had no authority to interpret the dissolution decree or to address Dwight's compliance with the decree, (2) the findings were irrelevant to the relief requested by Dwight and denied Linda due process, (3) the findings unfairly prejudiced Linda's ability to enforce the decree in a future proceeding, (4) the findings constituted an abuse of discretion, and (5) the findings controverted the parties' stipulation which formed the basis for the decree.

## STANDARD OF REVIEW

Dwight captioned his motion as seeking to alter or amend the dissolution decree, but he did not file his motion pursuant to Neb. Rev. Stat. § 25-1329 (Reissue 2008). That section permits a party to seek to alter or amend a judgment only within 10 days after the entry of the judgment.[2] And the motion was filed long after the 10-day period had expired. Thus, it could not function as a motion under § 25-1329.[3]

[1] Rather, Dwight expressly brought his motion pursuant to § 25-2001, which governs the vacation or modification of prior judgments or orders. We therefore consider Dwight's motion as a motion to modify the dissolution decree pursuant to § 25-2001. A postjudgment motion must be reviewed based on the relief sought by the motion, not based on the title of the motion.[4]

---

[1] See Neb. Rev. Stat. § 24-1106(3) (Reissue 2008).

[2] See, § 25-1329; *Central Neb. Pub. Power v. Jeffrey Lake Dev.*, 267 Neb. 997, 679 N.W.2d 235 (2004).

[3] See *id*.

[4] *Central Neb. Pub. Power, supra* note 2.

[2,3] An appellate court will reverse a decision on a motion to vacate or modify a judgment only if the litigant shows that the district court abused its discretion.[5] A judicial abuse of discretion exists when reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition.[6]

## ANALYSIS

Linda does not contend that the district court erred in its ultimate action on Dwight's motion—which the court overruled. Rather, she attacks the court's findings. First, the court concluded that the partnership's operating agreement prohibited a partial assignment of a member's interest. Second, it determined that Dwight had fully complied with his obligations under the decree, even though he had failed to transfer half of the partnership interest to Linda.

We first address Linda's assertion that the district court lacked the authority to make findings regarding the assignability of the partnership interest and Dwight's compliance with the dissolution decree. We then turn to the alleged deprivation of due process. Finding this issue to be dispositive, we do not consider Linda's remaining assignments of error.

### JURISDICTION

In her first assignment of error, Linda asserts that the district court lacked the authority to address any issues extraneous to Dwight's request for modification. And she specifically alleges that the court had no authority to determine Dwight's compliance with his obligations under the dissolution decree, because she did not request that he be held in contempt. Linda's arguments as to the court's authority go to its jurisdiction.

[4-7] We have defined subject matter jurisdiction as the power of a tribunal to hear and determine a case in the general

---

[5] *Eihusen v. Eihusen*, 272 Neb. 462, 723 N.W.2d 60 (2006).

[6] *Simpson v. Simpson*, 275 Neb. 152, 744 N.W.2d 710 (2008).

class or category to which the proceedings in question belong and to deal with the general subject matter involved.[7] Pursuant to Neb. Rev. Stat. § 42-351 (Reissue 2008), full and complete general jurisdiction over the entire marital relationship and all related matters is vested in the district court in which a petition for dissolution of marriage is properly filed.[8] And a district court, in the exercise of its broad jurisdiction over marriage dissolutions, retains jurisdiction to enforce all terms of approved property settlement agreements.[9] A court that has jurisdiction to make a decision also has the power to enforce it by making such orders as are necessary to carry its judgment or decree into effect.[10]

The contested findings addressed the partnership interest divided in the decree. And it is clear that the district court possessed jurisdiction to enforce its disposition of the interest. Thus, we are not persuaded that the court lacked subject matter jurisdiction to consider the assignability of the partnership interest or Dwight's compliance with his obligations under the decree.

## Due Process

Linda also asserts that the district court's findings in the May 15, 2013, order deprived her of due process. On this point, we agree. The sole issue presented by Dwight's motion was his request to modify the dissolution decree.

[8-10] We have explained that a pleading has two purposes: (1) to eliminate from consideration contentions which have no legal significance and (2) to guide the parties and the court in the conduct of cases.[11] Pleadings frame the issues upon which the cause is to be tried and advise the adversary as to what the adversary must meet.[12] And we have expressed that a

---

[7] See *Young v. Govier & Milone*, 286 Neb. 224, 835 N.W.2d 684 (2013).

[8] See *Rozsnyai v. Svacek*, 272 Neb. 567, 723 N.W.2d 329 (2006).

[9] *Strunk v. Chromy-Strunk*, 270 Neb. 917, 708 N.W.2d 821 (2006).

[10] *Davis v. Davis*, 265 Neb. 790, 660 N.W.2d 162 (2003).

[11] See *Spanish Oaks v. Hy-Vee*, 265 Neb. 133, 655 N.W.2d 390 (2003).

[12] *Id*.

court's determination of questions raised by the facts, but not presented in the pleadings, should not come at the expense of due process.[13]

The pleadings did not present the assignability of the partnership interest and Dwight's compliance with the dissolution decree as issues for determination. Rather, in his motion, Dwight alleged that the partnership had refused his instructions to transfer half of his interest and he requested that the decree be modified to permit him to make additional offers for sale. Thus, the district court should have limited its determination to whether a basis existed to permit modification of the decree.

[11] And in this case, modification was appropriate only on the basis of fraud or gross inequity. The disposition of the partnership interest in the dissolution decree was the result of the parties' stipulation. We have explained that where parties to a divorce action voluntarily execute a property settlement agreement which is approved by the dissolution court and incorporated into a divorce decree from which no appeal is taken, its provisions will not thereafter be vacated or modified in the absence of fraud or gross inequity.[14]

The district court's consideration of matters irrelevant to the existence of fraud or gross inequity deprived Linda of procedural due process. Among other protections, procedural due process generally requires parties whose rights are to be affected by a proceeding to be given timely notice, which is reasonably calculated to inform the person concerning the subject and issues involved in the proceeding.[15]

[12] Linda was given no notice that the assignability of the partnership interest and Dwight's compliance with the dissolution decree were before the district court for determination. And these issues were extraneous to Dwight's request for modification. The court's findings should have been limited to the appropriateness of modification due to fraud or gross inequity.

---

[13] See *Zahl v. Zahl*, 273 Neb. 1043, 736 N.W.2d 365 (2007).

[14] See *Strunk, supra* note 9.

[15] See *Zahl, supra* note 13.

But the court made no findings on that issue. Consequently, we modify the court's May 15, 2013, order to strike the findings as surplusage. And we therefore have no need to consider Linda's remaining assignments of error. An appellate court is not obligated to engage in an analysis that is not necessary to adjudicate the case and controversy before it.[16]

## CONCLUSION

Because the sole issue presented by Dwight's motion was modification of the dissolution decree, the district court should have limited its determination to the existence of fraud or gross inequity. Its consideration of matters extraneous to that issue deprived Linda of due process. We strike the extraneous findings in the court's May 15, 2013, order as surplusage. As so modified, we affirm the order overruling the motion to modify the decree.

Affirmed as modified.

---

[16] *Holdsworth v. Greenwood Farmers Co-op*, 286 Neb. 49, 835 N.W.2d 30 (2013).

---

Alison Richards on behalf of Makayla C., appellee,
v. Dustin McClure, appellant.
___ N.W.2d ___

Filed February 13, 2015.    No. S-14-092.

1. **Rules of Evidence.** In proceedings where the Nebraska Evidence Rules apply, the admissibility of evidence is controlled by the Nebraska Evidence Rules; judicial discretion is involved only when the rules make discretion a factor in determining admissibility.
2. **Judges: Words and Phrases.** A judicial abuse of discretion exists when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition.
3. **Judgments: Injunction: Appeal and Error.** A protection order is analogous to an injunction. Accordingly, the grant or denial of a protection order is reviewed de novo on the record.
4. **Criminal Law: Statutes.** Nebraska's stalking and harassment statutes are given an objective construction, and the victim's experience resulting from the perpetrator's conduct should be assessed on an objective basis.