ALLIED MUTUAL INSURANCE COMPANY, APPELLANT AND
CROSS-APPELLEE, V. CITY OF LINCOLN, APPELLEE AND
CROSS-APPELLANT, AND GENESIS INSURANCE
COMPANY, APPELLEE AND CROSS-APPELLEE.

694 N.W.2d 832

Filed April 8, 2005.    No. S-03-1414.

Thomas B. Wood, of Wolfe, Snowden, Hurd, Luers & Ahl, L.L.P., for appellant.

Dana W. Roper, Lincoln City Attorney, and Ernest R. Peo for appellee City of Lincoln.

Robert T. Grimit and Andrew K. Smith, of Baylor, Evnen, Curtiss, Grimit & Witt, L.L.P., for appellee Genesis Insurance Company.

WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

McCORMACK, J.

## NATURE OF CASE

Allied Mutual Insurance Company (Allied), an insurer for the City of Lincoln, filed a declaratory judgment action to construe and determine the validity of insurance contracts written by Allied and Genesis Insurance Company (Genesis) as insurers for the city. The city filed a cross-petition in the action and sought declaratory judgment that the Allied policy and the public entity policy issued by Genesis extended coverage for the city's liability. The claims against the city were based upon an automobile accident that occurred in March 1998, wherein Sarah Cockson was injured and Laura Cockson was killed when the car in which they were passengers collided with another automobile driven by Jeffrey Ireland. At the time of the accident, the automobile operated by Ireland was being pursued by an officer with the Lincoln Police Department. All parties moved for summary judgment. The district court entered summary judgment in favor of Genesis and denied summary judgment for Allied and the city. Allied appeals, and the city cross-appeals.

## BACKGROUND

In 1999, Sarah Cockson, in her individual capacity, and Robert Cockson, as personal representative of the estate of Laura Cockson, filed a claim against the city under Neb. Rev. Stat. § 13-911 (Reissue 1997) of the Political Subdivisions Tort Claims Act, alleging that the accident was proximately caused by the actions of the police officer during the vehicular pursuit.

In 2000, a settlement agreement was reached between the city and the Cocksons. The city then demanded that Allied and Genesis indemnify it pursuant to the insurance policies issued by each insurer to the city. Allied had issued the city a business automobile policy for September 1, 1997, through September 1, 1998, and Genesis had issued the city a public entity policy for

that same time period. Genesis denied that its policy provided coverage for the city's liability. Genesis claimed that its policy provided automobile hazard coverage only for those losses emanating out of the StarTran public transportation system. Allied did not concede that its policy provided coverage, but loaned the city $306,682 to use as a partial payment to satisfy the settlement. The receipt for Allied's loan provides that the city will repay amounts loaned by Allied in the event that a court finds that the Allied policy did not provide coverage for the injuries sustained by the Cocksons as a result of the accident.

Allied's policy provides, in relevant part:

### SECTION II - LIABILITY COVERAGE

#### A. COVERAGE

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".

. . . .

#### B. EXCLUSIONS

This insurance does not apply to any of the following:

1. EXPECTED OR INTENDED INJURY

"Bodily injury" or "property damage" expected or intended from the standpoint of the "insured".

Endorsement No. 11 of the Genesis policy contains the following limitation: "Coverage provided by this policy within the automobile hazard, including no-fault (personal injury protection), uninsured motorists and underinsured motorists coverages, is limited to only those autos owned, operated, used, maintained or repaired, including loading or unloading, by StarTran."

All parties filed motions for summary judgment. On May 30, 2002, the district court sustained Genesis' motion, but denied Allied's motion. The district court did not address the city's motion at that time. In its order, the district court found that under endorsement No. 11 of the Genesis policy, the policy clearly provides coverage for automobile hazards, but the coverage is limited to those automobiles owned, operated, used, maintained, or repaired by StarTran. Since the claim against the city arose out of the use of a motor vehicle by the Lincoln Police

Department, the exclusionary provision of the policy applied, and the court granted Genesis' motion for summary judgment. With regard to Allied's motion for summary judgment, the court stated that Allied contends that the coverage does not apply because the Cocksons' injuries did not arise out of the operation, ownership, and maintenance of an insured vehicle (the police car) because the collision was between the Cocksons' vehicle and another vehicle. Allied further claimed that the officer's continuance of the pursuit was an intentional act. The court found that the officer did act intentionally in continuing the chase and engaging his vehicle's lights and siren, but whether his actions amounted to expected or intended bodily injury or property damage from the standpoint of the insured, as required by Allied's policy exclusion, remained a genuine issue of material fact. The court, therefore, denied Allied's motion for summary judgment. The district court's order did not expressly direct the entry of final judgment as to any of the parties and did not expressly determine that there was no just reason for delay of an appeal.

Allied and the city filed notices of appeal on June 28 and July 1, 2002, respectively. Thereafter, on October 24, the city filed with the Nebraska Court of Appeals a motion to dismiss Allied's appeal for lack of jurisdiction. The city alleged that the district court's May 30 order was not a final judgment because it did not adjudicate the rights and liabilities of all the parties and the order did not direct the entry of final judgment pursuant to Neb. Rev. Stat. § 25-1315 (Cum. Supp. 2000). Citing *Scottsdale Ins. Co. v. City of Lincoln*, 260 Neb. 372, 617 N.W.2d 806 (2000), the Court of Appeals sustained the city's motion to dismiss. See *Allied Mut. Ins. Co. v. City of Lincoln*, 11 Neb. App. xxviii (No. A-02-747, Jan. 2, 2003). In *Scottsdale Ins. Co.*, we addressed whether a city's insurers were required to indemnify the city for a judgment entered against it in a motorist's personal injury action for injuries the motorist sustained when the car in which she was riding was struck by a car that was being pursued by a city police officer. We held that an order granting one insurer's motion for summary judgment and denying another insurer's motion for summary judgment in the declaratory judgment action was not a final, appealable order, requiring dismissal of the city's appeal and one insurer's cross-appeal where the order did not adjudicate rights

and liabilities of the parties to the action and the order made no express determinations. An exception to this rule exists, however, when multiple parties are involved in a claim. In such cases, a court may direct the entry of final judgment as to one or more but fewer than all of the claims or parties upon an express determination that there is no just reason for delay and upon an express direction for the entry of summary judgment. See § 25-1315. In its May 30 order, the district court did not expressly direct the entry of final judgment, nor did the court make a determination that there was no just reason for delay.

On March 25, 2003, following the dismissal of Allied's appeal by the Court of Appeals, Genesis filed a motion with the district court requesting that the court find the judgment entered on May 30, 2002, to be final pursuant to § 25-1315(1). The district court sustained Genesis' motion and, on August 14, 2003, entered an order directing that the May 30, 2002, judgment be entered as a final judgment as to Allied and as to the city's claims against Genesis. The district court also denied the city's motion for summary judgment in a separate order entered on that date. On August 25, 2003, Allied filed a motion for a new trial. Allied's motion was denied by the district court on November 13, and Allied filed its notice of appeal within 30 days of the district court's order. The city cross-appeals.

## ASSIGNMENTS OF ERROR

Allied assigns seven errors, all of which can be consolidated into the following two restated errors: The district court erred by (1) determining that endorsement No. 11 of the Genesis insurance policy was an exclusion of coverage entitling Genesis to summary judgment and (2) failing to grant summary judgment in favor of Allied and finding that the motor vehicle pursuit by the Lincoln Police Department was not an intentional act and that the injuries were not intended or expected. The city, as cross-appellant, assigns two errors: The district court erred in (1) not determining that the police officer's action in apprehending Ireland, rather than the vehicular pursuit, constituted the efficient proximate cause of the injuries suffered by the Cocksons and (2) determining that endorsement No. 11 of the Genesis policy limited coverage for automobile hazards to StarTran vehicles.

## STANDARD OF REVIEW

■ The question of jurisdiction is a question of law, upon which an appellate court reaches a conclusion independent of the trial court. *Cummins Mgmt. v. Gilroy*, 266 Neb. 635, 667 N.W.2d 538 (2003).

■ In reviewing a summary judgment, an appellate court views the evidence in the light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Woodhouse Ford v. Laflan*, 268 Neb. 722, 687 N.W.2d 672 (2004).

■ The interpretation of an insurance policy is a question of law, in connection with which an appellate court has an obligation to reach its own conclusions independently of the determination made by the lower court. *Chief Indus. v. Great Northern Ins. Co.*, 268 Neb. 450, 683 N.W.2d 374 (2004); *Hall v. Auto-Owners Ins. Co.*, 265 Neb. 716, 658 N.W.2d 711 (2003).

## ANALYSIS

### JURISDICTION

■ Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. *Scottsdale Ins. Co. v. City of Lincoln*, 260 Neb. 372, 617 N.W.2d 806 (2000). For an appellate court to acquire jurisdiction of an appeal, there must be a final order entered by the court from which the appeal is taken; conversely, an appellate court is without jurisdiction to entertain appeals from nonfinal orders. *Smith v. Lincoln Meadows Homeowners Assn.*, 267 Neb. 849, 678 N.W.2d 726 (2004). Whether we have jurisdiction over the present appeal depends upon whether the district court's May 30, 2002, order or August 14, 2003, order is the final order.

Confusion arises over whether the May 30, 2002, order was the final order, because the district court, in its August 14, 2003, order, directed that its May 30 order "is and should be entered as a final judgment as to the claims of [Allied] and the City of Lincoln against Genesis." Genesis contends that the district court's August 14 order merely recognized that a final order had been entered on May 30, 2002, and that no reason existed for further delay of an appeal on that order. Under Genesis' logic, the

May 30 order was the final order; consequently, Allied's current appeal is untimely because it failed to commence an appeal within 30 days of the entry of that order. See Neb. Rev. Stat. § 25-1912 (Cum. Supp. 2004). We disagree with Genesis and find instead that the district court's August 14, 2003, order was the final, appealable order.

In *State ex rel. Stenberg v. Moore*, 258 Neb. 199, 602 N.W.2d 465 (1999), we addressed a situation similar to the one presented in the instant case. In *Moore*, we had to determine whether an August 1998 order was the final order despite that order's declaration that a July 1998 order was the final order. We found that despite the fact that the district court had utilized its August order to label its July order as the final order, the July order was not final. At the time the July order was entered, it was not a final, appealable order. The August order, on the other hand, was the final order—it had the effect of dismissing the action. With regard to the August order's reference to the July order, we read the reference as incorporating the reasoning of the earlier order into the final order entered in August 1998.

In the present case, the May 30, 2002, order did not make the express findings required by § 25-1315. As a result, that order is not a final, appealable order, as was determined by the Court of Appeals. As we did in *State ex rel. Stenberg v. Moore, supra*, we find that the August 14, 2003, order was the final order, even though it purported to designate the May 30, 2002, order as the final order. It was the August 14, 2003, order that made the express determinations required by § 25-1315 that judgment in favor of Genesis was final and that no just reason for delay existed. Thus it was that order which had the effect of making the final determination of Genesis' rights and obligations in this action. As to the district court's reference to the May 30, 2002, order, we conclude, as we did in *State ex rel. Stenberg v. Moore, supra*, that the August 14, 2003, order merely incorporated the reasoning of the previous order.

Because the August 14, 2003, order was the final order, Allied had 30 days to appeal that order, unless a proper motion was filed which tolled the appeal time. See § 25-1912(1). Following the district court's August 14 order, Allied filed a document entitled "Motion for New Trial" which purportedly sought

a new trial. As our recent jurisprudence makes clear, a motion purportedly seeking a new trial is not a proper motion to file after a motion for summary judgment is sustained and does not toll the time for filing a notice of appeal. See *Woodhouse Ford v. Laflan,* 268 Neb. 722, 687 N.W.2d 672 (2004). However, a postjudgment motion must be reviewed based on the relief sought by the motion, not based upon the title of the motion. When the statutory basis for a motion challenging a judgment on the merits is unclear, the motion may be treated as a motion to alter or amend the judgment. *Id.*

▮▮▮ Allied's motion asked the district court to grant a new trial based upon an irregularity in the proceedings of the court, an insufficiency of evidence, and an error of law. This motion is similar to a motion for reconsideration, which is treated as a motion to alter or amend the judgment pursuant to Neb. Rev. Stat. § 25-1329 (Cum. Supp. 2002). *Woodhouse Ford v. Laflan, supra.* In cases involving a motion to alter or amend the judgment, a critical factor is whether the motion was filed within 10 days of the final order, because a timely motion under § 25-1329 tolls the time for filing a notice of appeal. *Woodhouse Ford v. Laflan, supra.* Allied's motion was timely filed; therefore, we have jurisdiction over this appeal.

SUMMARY JUDGMENT IN FAVOR OF GENESIS

In reviewing a summary judgment, an appellate court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Woodhouse Ford v. Laflan, supra.*

The interpretation of an insurance policy is a question of law, in connection with which an appellate court has an obligation to reach its own conclusions independently of the determination made by the trial court. *Chief Indus. v. Great Northern Ins. Co.,* 268 Neb. 450, 683 N.W.2d 374 (2004); *Hall v. Auto-Owners Ins. Co.,* 265 Neb. 716, 658 N.W.2d 711 (2003).

Under the public entity insurance policy provided by Genesis, Genesis agreed to indemnify the city for losses the city was obligated to pay as a result of bodily injury, personal injury, advertising injury, or property damage covered by the policy. The

coverage afforded by the Genesis policy was limited by endorsement No. 11, which states that "[c]overage provided by this policy within the automobile hazard, including no-fault (personal injury protection), uninsured motorists and underinsured motorists coverages, is limited to only those autos owned, operated, used, maintained or repaired, including loading or unloading, by StarTran." Automobile hazard is defined in section IV of the Genesis policy as "liability arising out of the ownership, use (including maintenance or repair), loading or unloading of any auto."

We conclude that the city's liability arose out of the use of the city's police vehicle. Because it is clear from endorsement No. 11 that the Genesis insurance policy does not afford coverage for liability arising out of the use of city police vehicles, we conclude that the district court properly granted Genesis' motion for summary judgment.

### ALLIED'S MOTION FOR SUMMARY JUDGMENT

Allied also contends on appeal as its second assignment of error that the district court erred in denying its motion for summary judgment. In its August 14, 2003, order, the district court made an express finding that judgment was final as to the claims of Allied and the city against Genesis. The court did not make an express determination that judgment was final as to any claims against Allied. Consequently, there is no final order under § 25-1315, and as a result, we do not have jurisdiction to address the denial of Allied's motion for summary judgment.

### CONCLUSION

For the reasons stated above, the judgment of the district court is affirmed.

AFFIRMED.

HENDRY, C.J., not participating.