causation. Midwest's assignment of error to the contrary is without merit.

## V. CONCLUSION

We find no merit to Midwest's assertions on appeal that the compensation court failed to provide a well-reasoned opinion under rule 11 and that the evidence was insufficient to demonstrate legal and medical causation. We affirm.

AFFIRMED.

———————————

CECIL L. HAYES ET AL., APPELLANTS, V.
COUNTY OF THAYER, NEBRASKA, APPELLEE.

___ N.W.2d ___

Filed March 18, 2014.    No. A-12-903.

1. **Pleadings.** A party may amend the party's pleading once as a matter of course before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted, the party may amend it within 30 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party, and leave shall be freely given when justice so requires.

2. ____. Once a responsive pleading has been filed, a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

3. ____. A district court's denial of leave to amend pleadings is appropriate only in those limited circumstances in which undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the nonmoving party can be demonstrated.

4. **Pleadings: Appeal and Error.** Courts generally review the denial of a motion for an abuse of discretion.

5. **Pleadings: Proof.** If leave to amend is sought before discovery is complete and neither party has moved for summary judgment, futility is judged by a liberal standard and an amendment is not deemed futile as long as the proposed amended complaint sets forth a general scenario which, if proven, would entitle the plaintiff to relief on some cognizable theory.

6. **Pleadings: Summary Judgment: Proof.** If leave to amend is not sought until after discovery is closed and a motion for summary judgment has been docketed, the proposed amendment must be not only theoretically viable but also solidly grounded in the record and supported by substantial evidence.

7. **Pleadings: Evidence: Summary Judgment.** The proposed amendment to a pleading may be considered futile when the evidence in support of the proposed

new claim creates no triable issue of fact and would not survive a motion for summary judgment.

8. **Pleadings: Evidence: Summary Judgment: Proof.** Where summary judgment has been filed for, the standard is that the party seeking to amend must demonstrate sufficient evidence to show an entitlement to relief, which requires substantial evidence that shows a triable issue of fact sufficient to survive summary judgment.

9. **Equity: Estoppel.** The six elements that must be satisfied for the doctrine of equitable estoppel to apply are (1) conduct which amounts to a false representation or concealment of material facts or, at least, which is calculated to convey the impression that the facts are otherwise than, and inconsistent with, those which the party subsequently attempts to assert; (2) the intention, or at least the expectation, that such conduct shall be acted upon by, or influence, the other party or other persons; (3) knowledge, actual or constructive, of the real facts; (4) lack of knowledge and of the means of knowledge of the truth as to the facts in question; (5) reliance, in good faith, upon the conduct or statements of the party to be estopped; and (6) action or inaction based thereon of such a character as to change the position or status of the party claiming the estoppel.

10. **Estoppel: Limitations of Actions.** The first prong of the test to satisfy the doctrine of equitable estoppel is met when one lulls his or her adversary into a false sense of security, thereby causing that person to subject his or her claim to the bar of the statute of limitations, and then pleads the very delay caused by his or her conduct as a defense to the action when it is filed.

11. ____: ____. The mere pendency of negotiations, conducted in good faith with a view toward ultimate compromise, is not itself sufficient to establish estoppel.

Appeal from the District Court for Thayer County: VICKY L. JOHNSON, Judge. Affirmed.

Joseph F. Chilen, of Denney & Chilen, for appellants.

Vincent Valentino and Brandy R. Johnson, of Valentino Law Office, for appellee.

IRWIN, PIRTLE, and BISHOP, Judges.

IRWIN, Judge.

## I. INTRODUCTION

Cecil L. Hayes, Robert D. Hayes, and Harold L. Hayes (collectively Hayes) brought this action against Thayer County, Nebraska (County), seeking damages allegedly caused by the re-ignition of a controlled burn started by the County. After the district court found that Hayes' complaint was barred by the statute of limitations and granted the County summary

judgment, Hayes sought to amend the complaint to allege an estoppel claim. Hayes now appeals the district court's denial of that motion to amend the complaint. We find no merit to the appeal and affirm.

## II. BACKGROUND

The events giving rise to this action occurred in February and March 2009. In early February, the County started a fire in a ditch to burn vegetation, brush, and scrub trees. Hayes owns real property located north and east of where the controlled burn was conducted. In late March, the area experienced sustained winds and a fire ignited and caused damage to Hayes' property.

In early April 2009, Hayes retained the services of an investigative firm to conduct an inquiry to determine the source and cause of the March fire. The investigators opined that the fire was caused by negligent acts of the County and was the result of a re-ignition of the February controlled burn.

In late August 2009, Hayes filed a claim with the County, seeking compensation for the damages caused to Hayes' property. A claims adjuster for the County swore in an affidavit that the County conducted a good faith investigation into various claims filed as a result of the March fire and that the County ultimately settled some claims, but did not reach a settlement on Hayes' claims. The adjuster also swore in his affidavit that the settlements reached by the County did not include an acknowledgment of liability on the part of the County.

In April 2011, Hayes withdrew the pending claim with the County. Hayes then filed a complaint in district court, seeking damages for negligence. Hayes alleged facts in the complaint concerning when Hayes discovered the cause of the fire, in an apparent attempt to plead facts suggesting that the statute of limitations should not have run on the legal claim—even though the complaint was filed more than 2 years after the fire occurred.

The County filed a motion to dismiss, citing a lack of jurisdiction and an alleged failure to state a claim upon which relief could be granted. The district court denied the motion

to dismiss. In the order denying the motion to dismiss, the court found that Hayes' complaint, although filed more than 2 years after the fire, was not barred by the statute of limitations because the complaint was filed within 2 years after Hayes discovered the cause of the fire.

The County later filed a motion for summary judgment. The County offered a variety of exhibits in support of the motion for summary judgment, including a deposition of Cecil, various discovery documents, and affidavits.

The district court granted the motion for summary judgment. The district court found that Hayes discovered the injury when the fire occurred and that the evidence adduced at the summary judgment hearing indicated that Hayes was almost immediately suspicious about the cause of the fire, that Hayes knew the applicable time limitations and filed the claim with the County within the applicable time limitations, and that the statute of limitations was not tolled by the discovery rule. The ruling on the motion for summary judgment has not been appealed.

Hayes filed a motion for new trial. In the motion, Hayes alleged that the grant of summary judgment was not sustained by sufficient evidence or was contrary to law.

Approximately a month after filing the motion for new trial, Hayes filed a motion seeking to amend the complaint. Hayes requested the court's permission to file an amended complaint to include assertions that the County should be estopped from asserting the statute of limitations. Hayes asserted that the County should be estopped from raising the statute of limitations, because the County had led Hayes to believe the claim would be settled and had caused Hayes to postpone retaining counsel and filing the complaint. Without receiving leave of court to file an amended complaint, Hayes filed the proposed amended complaint.

The district court granted a hearing on Hayes' motions for new trial and for leave to file an amended complaint. In its order granting the hearing, the court noted that Hayes had not filed any motion to amend upon the County's raising of the issue of the statute of limitations and that Hayes had not argued or raised any issue of estoppel at the hearing on the County's

motion for summary judgment. The court concluded that Hayes had gambled on winning on the discovery rule argument, had lost, and now had sought to raise an entirely different theory. The court held that Hayes' delay in raising the estoppel issue "would certainly appear [to] constitute 'undue delay.'" The court also noted that Hayes had failed to "mention any facts in support of its motions that would allow it to prevail on a motion for equitable estoppel."

After a hearing, the district court entered an order denying Hayes' motions for new trial and for leave to file an amended complaint. The court held that Hayes had not moved to amend the complaint to raise estoppel until after discovery had been complete and summary judgment had been entered, and that, accordingly, Hayes was required to present substantial evidence to support the estoppel claim. The court noted that the evidence adduced at the summary judgment hearing demonstrated there were clearly differences between Hayes and the County, that negotiation on the claim had been ongoing, and that no offer for settlement had ever been made by the County. The court cited evidence indicating that Hayes had consulted with legal counsel prior to the running of the statute of limitations, and it concluded that there was no evidence of actions by the County to lull Hayes into delaying filing the complaint. Concluding that Hayes had gambled on a last minute settlement that never happened, the court denied Hayes' motions for new trial and to file an amended complaint. This appeal followed.

### III. ASSIGNMENTS OF ERROR

Hayes has assigned three errors on appeal, all of which challenge the district court's denial of Hayes' motion to file an amended complaint and raise estoppel.

### IV. ANALYSIS

Hayes' assertions on appeal challenge the district court's denial of Hayes' motion to file an amended complaint raising the issue of estoppel. We find that the district court correctly concluded that because discovery had been completed and a judgment entered before Hayes moved to amend, the

appropriate standard was that Hayes had the burden to present substantial evidence demonstrating a likelihood of success on the proposed estoppel claim. We also find that the court did not err in finding that Hayes failed to meet that burden.

This court addressed a similar situation in *Bailey v. First Nat. Bank of Chadron*, 16 Neb. App. 153, 741 N.W.2d 184 (2007), in assessing whether a district court properly denied a request to amend a complaint after summary judgment had been requested. In that case, we set forth the relevant legal standards and propositions that should guide a district court's decision on a motion to amend the pleadings.

In *Bailey, supra*, the defendants filed a motion for summary judgment in an action concerning loan guaranties. After the defendants filed their motion for summary judgment but before the district court had ruled on the motion, the plaintiffs filed a motion to amend the complaint, seeking to add additional theories of recovery to the theories set forth in the initial complaint. The district court denied the motion, and we reversed.

[1,2] Neb. Ct. R. Pldg. § 6-1115(a) provides, in relevant part, as follows:

> A party may amend the party's pleading once as a matter of course before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted, the party may amend it within 30 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party, and leave shall be freely given when justice so requires.

As we noted in *Bailey, supra*, Nebraska's rule in this regard has been similar to Fed. R. Civ. P. 15(a), which provides that once a responsive pleading has been filed, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."

[3] In interpreting this language in the context of the federal rule, federal courts have concluded that a district court's denial of leave to amend pleadings is appropriate only in those limited circumstances in which undue delay, bad faith

on the part of the moving party, futility of the amendment, or unfair prejudice to the nonmoving party can be demonstrated. See *Roberson v. Hayti Police Dept.*, 241 F.3d 992 (8th Cir. 2001), citing *Foman v. Davis*, 371 U.S. 178, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962). In *Bailey, supra*, we adopted those federal standards.

[4] Federal courts generally review the denial of a motion for an abuse of discretion. See *In re K-tel Intern., Inc. Securities Litigation*, 300 F.3d 881 (8th Cir. 2002). This is consistent with the standard of review usually employed in reviewing such motions in Nebraska. See *Rudd v. Debora*, 20 Neb. App. 850, 835 N.W.2d 765 (2013). The Eighth Circuit, however, reviews de novo the underlying legal conclusion of whether a proposed amendment would have been futile. See *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748 (8th Cir. 2006).

[5] In *Bailey v. First Nat. Bank of Chadron*, 16 Neb. App. 153, 741 N.W.2d 184 (2007), we discussed the appropriate standard to be used in assessing whether the proposed amendment should be denied on the basis of its futility. We adopted the rationale expressed by the First and Second Circuit Courts of Appeals that if leave to amend is sought before discovery is complete and neither party has moved for summary judgment, futility is judged by a liberal standard and an amendment is not deemed futile as long as the proposed amended complaint sets forth a general scenario which, if proven, would entitle the plaintiff to relief on some cognizable theory. See, *Hatch v. Department for Children, Youth & Families*, 274 F.3d 12 (1st Cir. 2001); *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104 (2d Cir. 2001).

[6,7] In *Bailey, supra*, we quoted *Hatch, supra*, in which the First Circuit expressed that if leave to amend is not sought until after discovery is closed and a motion for summary judgment has been docketed, the proposed amendment must be not only theoretically viable but also solidly grounded in the record and supported by substantial evidence. We also quoted the Second Circuit's expression that in such a situation, the proposed amendment may be considered futile when the evidence in support of the proposed new claim creates no triable issue of fact and would not survive a motion for summary

judgment. *Bailey, supra*, quoting *Milanese, supra*. In *Bailey*, we specifically held that "the explanations and rationale used and applied *by the First and Second Circuits*" were sound and held that if leave to amend is sought after a motion for summary judgment has been filed and all relevant evidence presented, the amendment may be denied as futile when the evidence in support of the proposed amendment creates no triable issue of fact. 16 Neb. App. at 169, 741 N.W.2d at 196-97 (emphasis supplied).

[8] Both the notion that "substantial evidence" must be presented and the notion that the evidence must be such as would create a "triable issue of fact" that could survive summary judgment are expressions of the same standard. Compare *Bailey, supra* (amendment futile if evidence in support creates no triable issue of fact), with *Nielsen v. Daubert*, No. A-08-206, 2009 WL 306243 (Neb. App. Feb. 10, 2009) (selected for posting to court Web site) (amendment futile if not supported by substantial evidence). Of note, in *Bailey, supra*, when we quoted the First Circuit's use of the "substantial evidence" phrasing in *Hatch, supra*, we specifically cited as additional support the Seventh Circuit's decision in *Bethany Pharmacal Co., Inc. v. QVC, Inc.*, 241 F.3d 854 (7th Cir. 2001), and noted in a parenthetical that the *Bethany Pharmacal Co., Inc.* opinion stood for the proposition that amendment of a complaint is futile if the added claim would not survive a motion for summary judgment. In so doing, we implicitly recognized that the standards employed by both the First and Second Circuits, although using different terminology, were the same standard: In this context, where summary judgment has been filed for, the standard is that the party seeking to amend must demonstrate sufficient evidence to show an entitlement to relief, which requires "substantial evidence" that shows a "triable issue of fact" sufficient to survive summary judgment. See, also, *Thimjon Farms v. First Intern. Bank & Trust*, 837 N.W.2d 327 (N.D. 2013) (holding that if leave to amend is not sought until after discovery closed and summary judgment docketed, amendment is futile unless supported by substantial evidence that would survive summary judgment motion).

In the present case, the litigants have not made any assertion that there is a difference between "substantial evidence" and evidence sufficient to give rise to a "triable issue of fact" that could survive summary judgment. Rather, Hayes asserts only that the standard to be used should be the same as the standard prior to the close of discovery and the docketing of a summary judgment motion, where Hayes would need only to set forth a general scenario that suggests a cognizable theory.

Consistent with our reasoning set forth in *Bailey v. First Nat. Bank of Chadron*, 16 Neb. App. 153, 741 N.W.2d 184 (2007), we conclude that in the present case, the appropriate standard for assessing whether Hayes' motion to amend should be determined futile is that the proposed amendment must be not only theoretically viable but also solidly grounded in the record and supported by substantial evidence sufficient to give rise to a triable issue of fact. In the present case, discovery had closed and a motion for summary judgment had already been docketed. In fact, the district court had actually already sustained the County's motion for summary judgment and entered judgment in favor of the County.

Hayes argues on appeal that discovery was not closed because the discovery conducted prior to the filing of the motion for leave to amend was focused on the discovery rule and the possible tolling of the statute of limitations, not on a potential claim for estoppel. On the record presented to us, we have no way of knowing whether anyone conducted discovery on a possible estoppel claim. What is apparent, however, is that this case had progressed to a point where a motion for summary judgment was appropriately filed and the district court specifically held that discovery had already closed.

It is arguable that waiting until after summary judgment has been entered on a statute of limitations claim and one proposed defense to the limitations claim (i.e., application of the discovery rule) to posit a completely different theory of defense to the limitations claim (i.e., estoppel) is undue delay. There is no indication in the record of any excuse or explanation for why Hayes did not consider, raise, or pursue discovery on the estoppel theory until after the court had already granted summary judgment. The district court concluded that Hayes

gambled on a favorable outcome on the discovery rule and, only after losing that gamble, then explored estoppel.

Nonetheless, and without specifically finding that there was undue delay in Hayes' filing of the motion to amend, we conclude that the district court did not abuse its discretion in denying the motion for leave to amend because, on a de novo review, we agree that the proposed amendment was futile. Hayes failed to demonstrate that the proposed amendment was not only theoretically viable but also solidly grounded in the record and supported by substantial evidence sufficient to give rise to a triable issue of fact.

Hayes' motion for leave to amend sought permission to add assertions supporting a theory that the County should be equitably estopped from asserting the statute of limitations as a defense because the County had acted in a fashion to lull Hayes into not filing the action in court until after the statute of limitations had already expired. In *Woodard v. City of Lincoln*, 256 Neb. 61, 588 N.W.2d 831 (1999), the Nebraska Supreme Court held that political subdivisions can be equitably estopped from relying on a statute of limitations upon a showing that the elements of equitable estoppel have been met, as well as compelling circumstances, where right and justice so demand in the interest of preventing manifest injustice. Thus, in addition to showing, supported by substantial evidence, that Hayes can demonstrate all of the elements of equitable estoppel, Hayes also must demonstrate compelling circumstances and a risk of manifest injustice if not allowed to amend the pleadings after summary judgment was entered on behalf of the County.

[9,10] The six elements that must be satisfied for the doctrine of equitable estoppel to apply are (1) conduct which amounts to a false representation or concealment of material facts or, at least, which is calculated to convey the impression that the facts are otherwise than, and inconsistent with, those which the party subsequently attempts to assert; (2) the intention, or at least the expectation, that such conduct shall be acted upon by, or influence, the other party or other persons; (3) knowledge, actual or constructive, of the real facts; (4) lack of knowledge and of the means of knowledge of the truth as to

the facts in question; (5) reliance, in good faith, upon the conduct or statements of the party to be estopped; and (6) action or inaction based thereon of such a character as to change the position or status of the party claiming the estoppel. *Woodard, supra*. The first prong of the test to satisfy the doctrine of equitable estoppel is met when one lulls his or her adversary into a false sense of security, thereby causing that person to subject his or her claim to the bar of the statute of limitations, and then pleads the very delay caused by his or her conduct as a defense to the action when it is filed. *Id*.

In the present case, Hayes has not demonstrated substantial evidence that all of these elements can be satisfied and has not demonstrated a triable issue of fact. In *Woodard, supra*, a representative of the defendant had met with the plaintiffs and allegedly encouraged them not to retain counsel. The plaintiffs swore in an affidavit that they had agreed to negotiate a settlement upon condition that they not retain counsel. Negotiations between the parties had resulted in a letter of understanding in which the parties specifically represented that the plaintiffs' rights to claim damages in the future were being reserved. The defendant made a variety of settlement offers to the plaintiffs and actually made a series of voluntary payments to the plaintiffs. The plaintiffs swore in an affidavit that the defendant made repeated assurances that the defendant would voluntarily settle without litigation.

[11] The Nebraska Supreme Court did not conclude as a matter of law that all of those facts necessarily demonstrated a claim for equitable estoppel, but did conclude that whether estoppel should be applied was a question of fact which prevented summary judgment on the issue from being entered in favor of the defendant. *Woodard v. City of Lincoln*, 256 Neb. 61, 588 N.W.2d 831 (1999). The court specifically distinguished situations where the evidence demonstrates mere attempts to settle, however, and noted that the mere pendency of negotiations, conducted in good faith with a view toward ultimate compromise, is not itself sufficient to establish estoppel. *Id*. Rather, it was the presence of evidence suggesting that the defendant conveyed the impression that litigation would not be necessary, lulling the plaintiffs into not filing a legal

claim until after the expiration of the statute of limitations, that, if proved to the finder of fact, could establish the level of misrepresentation necessary for estoppel.

In the present case, there was no evidence adduced to demonstrate anything comparable to the evidence and factual circumstances present in *Woodard, supra*. Hayes offered affidavits in support of the motion for leave to amend, but the affidavits do not indicate any evidence of any settlement offer ever being made by the County, do not indicate any evidence of an admission of liability by the County, do not indicate any evidence of any statements or suggestions that Hayes forgo seeking counsel or pursuing legal remedies, and do not indicate any discussions concerning the statute of limitations. See *Keene v. Teten*, 8 Neb. App. 819, 602 N.W.2d 29 (1999) (no estoppel where plaintiff was never discouraged from seeking counsel, plaintiff did consult with counsel before running of statute, and no agreement ever existed for settlement). Hayes has not offered evidence of any action on behalf of the County, beyond mere settlement negotiations, to suggest any action that could be construed as having lulled Hayes into forgoing commencement of litigation within the statute of limitations.

Indeed, even a review of Hayes' proposed amended complaint does not reveal allegations of any action on behalf of the County that could be construed as having lulled Hayes into forgoing commencement of litigation within the statute of limitations. Hayes sought to allege in the amended complaint that the County periodically requested documents and evidence to support Hayes' claim, contacted Hayes about setting a meeting to discuss the claim and obtain insurance information, actually met with Hayes, disagreed with Hayes about the appropriate value of damages that could be sought, and indicated an intention to contact Hayes' insurance company to discuss the subrogation process. Hayes sought to allege that the County's actions and words conveyed and created the impression that litigation would not be necessary. These assertions, even aside from not being supported by substantial evidence, do not rise to the level of demonstrating a viable estoppel claim. See, *Woodard, supra* (mere negotiation does

not support estoppel); *Keene, supra* (investigation of claim is not sufficient to support estoppel).

In this case, Hayes has not alleged or provided substantial evidence to demonstrate the elements of estoppel and has not demonstrated a triable issue of fact. Hayes has not alleged or provided substantial evidence to demonstrate any action on behalf of the County that could be considered to have lulled Hayes into not pursuing legal redress before the expiration of the statute of limitations. Hayes has really alleged and presented evidence only of the County's having engaged in settlement negotiations and investigation. There has been no showing of any compelling circumstances where right and justice demand granting leave to amend in the interest of preventing a manifest injustice. Rather, the record presented to us demonstrates that Hayes pursued a theory that the statute of limitations should not bar the claim because of the discovery rule and, upon losing on that claim, sought to pursue a completely different theory: estoppel. We agree with the district court that the proposed amendment would be futile, and we find no abuse of discretion by the court in denying leave to amend.

## V. CONCLUSION

We find no merit to Hayes' assertions on appeal that the court erred in denying the motion for leave to amend the pleadings. We affirm.

Affirmed.

Bishop, Judge, concurring.

The Nebraska Supreme Court has stated that "[a] district court's denial of leave to amend pleadings is appropriate only in those limited circumstances in which undue delay, bad faith on the part of the moving party, *futility of the amendment*, or unfair prejudice to the nonmoving party can be demonstrated." *Intercall, Inc. v. Egenera, Inc.*, 284 Neb. 801, 811, 824 N.W.2d 12, 21 (2012) (emphasis supplied). I write separately to address the majority opinion's discussion on the futility of the amendment issue in this case. I am concerned that the majority opinion blurs the distinction between "substantial evidence" and "sufficient evidence" and a "triable issue of

fact" in the standard it articulates for considering the futility of a proposed amendment to pleadings after a summary judgment motion has been docketed.

The majority states that "[b]oth the notion that 'substantial evidence' must be presented and the notion that the evidence must be such as would create a 'triable issue of fact' that could survive summary judgment are expressions of the same standard," and that "where summary judgment has been filed for, the standard is that the party seeking to amend must demonstrate sufficient evidence to show an entitlement to relief, which requires 'substantial evidence' that shows a 'triable issue of fact' sufficient to survive summary judgment." The majority then states:

> Consistent with our reasoning set forth in *Bailey v. First Nat. Bank of Chadron*, 16 Neb. App. 153, 741 N.W.2d 184 (2007), we conclude that in the present case, the appropriate standard for assessing whether Hayes' motion to amend should be determined futile is that the proposed amendment must be not only theoretically viable but also solidly grounded in the record and supported by substantial evidence sufficient to give rise to a triable issue of fact.

I do not see this standard as being consistent with *Bailey*. The standard articulated in *Bailey* is consistent with the long-established standard in Nebraska for proof on summary judgment; whereas, the standard articulated by the majority in this case represents an unnecessary and perhaps misleading departure from that standard.

## CLARIFICATION OF STANDARD

In *Bailey*, in examining the futility of an amendment to pleadings, our court noted initially that "[s]everal federal courts hold that at a certain point in pretrial proceedings, a motion to amend the complaint should be judged under a standard comparable or identical to the standard for summary judgment." 16 Neb. App. at 167, 741 N.W.2d at 195. *Bailey* then looked specifically at cases from the First and Second Circuits and noted that cases from the Eighth Circuit indicate that "leave to amend may be denied if the amended pleading could be

defeated by a motion for summary judgment or dismissal." *Id*.
at 168, 741 N.W.2d at 196. *Bailey* then held that if a motion
to amend a pleading is sought at the time a summary judgment
motion is filed

> and the parties have presented all relevant evidence in
> support of their positions, then the amendment should be
> denied as futile only when the evidence in support of the
> proposed amendment creates no triable issue of fact and
> the opposing party would be entitled to judgment as a
> matter of law.

16 Neb. App. at 169, 741 N.W.2d at 196-97. The holding in
*Bailey* is consistent with Nebraska's statute on summary judg-
ment and Nebraska appellate precedent which holds:

> Summary judgment is proper when the pleadings and
> evidence admitted at the hearing disclose that there is *no
> genuine issue as to any material fact* or as to the ulti-
> mate inferences that may be drawn from those facts and
> that the moving party is entitled to judgment as a matter
> of law.

*Peterson v. Homesite Indemnity Co.*, 287 Neb. 48, 54, 840
N.W.2d 885, 891 (2013) (emphasis supplied). See, also, Neb.
Rev. Stat. § 25-1332 (Reissue 2008). I see "no triable issue of
fact" and "no genuine issue as to any material fact" as being
the same standard, a summary judgment standard, whereas the
majority's standard, especially the incorporation of "substantial
evidence," suggests a different, higher burden of proof.

A discussion on summary judgment is well articulated in
*Professional Mgmt. Midwest v. Lund Co.*, 284 Neb. 777, 826
N.W.2d 225 (2012), and notably, the word "substantial" is not
contained anywhere in the court's discussion of "sufficient"
evidence for summary judgment. In that case, the Nebraska
Supreme Court stated:

> [C]onsideration of a motion for summary judgment also
> requires a court to consider the quantitative sufficiency
> of the evidence. The party moving for summary judg-
> ment has the burden to show that no genuine issue of
> material fact exists and must produce sufficient evidence
> to demonstrate that the moving party is entitled to judg-
> ment as a matter of law. This standard explicitly invokes

the idea of sufficiency of evidence. Furthermore, "[a]fter the movant for summary judgment makes a prima facie case by producing enough evidence to demonstrate that the movant is entitled to judgment if the evidence was uncontroverted at trial, the burden to produce evidence showing the existence of a material issue of fact that prevents judgment as a matter of law shifts to the party opposing the motion." Courts also speak in terms of "sufficiency" when considering whether the nonmoving party met this burden. In fact, this court has defined the decisive question on appeal from summary judgment as "whether [the nonmoving party] produced sufficient evidence to present a genuine issue of material fact." Indeed, any burden of proof necessarily requires a court to determine whether the party with the burden of proof adduced sufficient evidence to meet that burden. In claiming that the district court erred in finding that there was insufficient evidence to find that [appellee] tortiously interfered with the 107th Avenue lease, appellants overlook the evidentiary burdens applicable in the summary judgment procedure.

In the instant case, appellants were in the position of the nonmoving party, and thus, once [appellee] adduced sufficient evidence to show that it was entitled to judgment as a matter of law if [appellee's] evidence remained uncontroverted at trial, they had the burden of showing the existence of material issues of fact that would have precluded judgment as a matter of law in favor of [appellee], the moving party. Because appellants had a burden of proof in the summary judgment hearing, the district court did not err in considering whether appellants produced sufficient evidence to meet that burden of proof.

*Id*. at 788-89, 826 N.W.2d at 234. The Supreme Court in *Lund Co.* went on to state that the appellee had established a prima facie case for summary judgment, so the burden shifted to the appellants to "produce sufficient evidence to establish the existence of a material issue of fact that prevented judgment" for the appellee. 284 Neb. at 792, 826 N.W.2d at 236.

The Supreme Court further noted that although "appellants' evidence did call into question [appellee's] evidence on certain factual matters," "not all issues of fact preclude summary judgment, but only those that are material. In the summary judgment context, a fact is material only if it would affect the outcome of the case." *Id.*

In this case, the majority concludes that "Hayes has not alleged or provided substantial evidence to demonstrate the elements of estoppel and has not demonstrated a triable issue of fact." I disagree that Hayes had to prove estoppel by "substantial" evidence; rather, Hayes had to "produce sufficient evidence to establish the existence of a material issue of fact," see *Professional Mgmt. Midwest v. Lund Co.*, 284 Neb. 777, 792, 826 N.W.2d 225, 236 (2012), that would preclude judgment for the County. In this case, in support of the estoppel argument, Hayes asserts that the County lulled Hayes into a false sense of security resulting in the delay in filing the complaint. The only alleged factual basis to support this position is a meeting that took place between Hayes and John Christensen, a claims adjuster for the County's self-insurance pool, on November 10, 2010, 4 months before the statute of limitations would have run. Hayes claims the discussion included the request to restore the property based on a fair market value approach as used by the Internal Revenue Service, whereas Christensen suggested an actual cash value approach. Christensen stated that the costs of the private investigator hired by Hayes would not be reimbursed. Christensen requested the name and address of Hayes' insurance company and contact person to initiate the subrogation process, and according to Hayes, Christensen also indicated that he would be in contact with Hayes' insurance company to initiate that process. Hayes claims that Christensen delayed contacting the insurance company until March 18, 2011, and that Hayes' insurance company responded to Christensen on March 28. As noted in the majority opinion, there was no evidence of any settlement offer or any evidence that Christensen suggested that Hayes forgo seeking legal counsel or remedies. As noted by the majority, the Nebraska Supreme Court has previously held that "'[t]he mere pendency of negotiations during the period of a statute of limitations,

which are conducted in good faith with a view to ultimate compromise, is not of itself sufficient to establish an estoppel,'" and that "ordinary settlement negotiations contain the implicit notion that if settlement is not reached, then litigation may be necessary." *Woodard v. City of Lincoln*, 256 Neb. 61, 69, 588 N.W.2d 831, 837 (1999). Additionally, conclusions based upon guess, speculation, conjecture, or a choice of possibilities do not create material issues of fact for purposes of summary judgment. *Cartwright v. State*, 286 Neb. 431, 837 N.W.2d 521 (2013). Hayes did not produce sufficient evidence to establish the existence of a material issue of fact that would support estopping the County from raising the statute of limitations defense. Accordingly, I concur in the majority's determination that the district court did not abuse its discretion in denying the amended complaint.

## MOTION FOR NEW TRIAL
## FOLLOWING SUMMARY
## JUDGMENT ORDER

The majority did not address a procedural issue in this case that I believe warrants mention. The district court entered a summary judgment order on February 24, 2012. Hayes filed a "Motion for New Trial" on March 2, stating specifically that it was being filed pursuant to Neb. Rev. Stat. § 25-1142 (Reissue 2008), "for the reason that the verdict, report, or decision is not sustained by sufficient evidence or is contrary to law." We note that the motion language is quoting directly from § 25-1142, the new trial statute. Hayes then filed a "Motion to Amend Complaint" on April 4; on August 30, the motion to amend complaint and the motion for new trial were both overruled. Hayes appealed to this court on September 28. If the March 2 motion for new trial cannot be converted to a motion to alter or amend the judgment, Hayes' appeal would not be timely.

In *Allied Mut. Ins. Co. v. City of Lincoln*, 269 Neb. 631, 638, 694 N.W.2d 832, 838 (2005), the court stated, "As our recent jurisprudence makes clear, a motion purportedly seeking a new trial is not a proper motion to file after a motion for summary judgment is sustained and does not toll the time

for filing a notice of appeal." The *Allied Mut. Ins. Co.* court further stated:

> However, a postjudgment motion must be reviewed based on the relief sought by the motion, not based upon the title of the motion. *When the statutory basis for a motion challenging a judgment on the merits is unclear*, the motion may be treated as a motion to alter or amend the judgment.

*Id.* (emphasis supplied). In *Allied Mut. Ins. Co.*, the motion for new trial was based on an alleged "irregularity in the proceedings of the court, an insufficiency of evidence, and an error of law." *Id.* The *Allied Mut. Ins. Co.* court concluded, "This motion is similar to a motion for reconsideration, which is treated as a motion to alter or amend the judgment pursuant to Neb. Rev. Stat. § 25-1329 (Cum. Supp. 2002)," and, if filed within 10 days of the final order, tolls the time to file an appeal. 269 Neb. at 638, 694 N.W.2d at 838.

In this case, the motion for new trial cites specifically to the new trial statute, § 25-1142, and quotes directly from that statute. *Allied Mut. Ins. Co.* indicates that we may treat a motion for new trial as a motion to alter or amend the judgment "[w]hen the statutory basis for a motion challenging a judgment on the merits is unclear." 269 Neb. at 638, 694 N.W.2d at 838. In this case, the statutory basis is clearly stated—it cites to the new trial statute and quotes directly from that statute. Accordingly, *Allied Mut. Ins. Co.* seems to say that the motion for new trial in this case would not have effectively tolled the time for filing an appeal.

That said, however, it appears the appellate courts have been generous in allowing appeals to move forward regardless of the title or substance of a postjudgment motion. In a case decided just months before *Allied Mut. Ins. Co., supra*, the Nebraska Supreme Court addressed a motion for new trial filed after a motion to dismiss was sustained. The Supreme Court stated that the "motion for new trial was not a proper motion and would not toll the time for filing a notice of appeal." *Weeder v. Central Comm. College*, 269 Neb. 114, 119, 691 N.W.2d 508, 513 (2005). The Supreme Court went on to note that "to qualify for treatment as a motion to alter or

amend the judgment, the motion must be filed no later than 10 days after the entry of judgment, as required under § 25-1329, and must seek substantive alteration of the judgment." *Weeder*, 269 Neb. at 119, 691 N.W.2d at 513. The Supreme Court observed that the motion in that case contained the language "'reexamine its decision to dismiss . . . and reinstate the action as previously filed,'" and the Supreme Court concluded that the "language seeks substantive alteration of the judgment," "qualifies as one to alter or amend the judgment under § 25-1329, and tolled the time for filing a notice of appeal." *Weeder*, 269 Neb. at 120, 691 N.W.2d at 513. The Supreme Court went on to state:

> We pause briefly to note that since Neb. Rev. Stat. § 25-1912(3) (Cum. Supp. 2002) was amended in 2000, see 2000 Neb. Laws, L.B. 921, this court or the Court of Appeals, on repeated occasions, has found it necessary to determine whether an improperly filed motion for new trial could be viewed as one to alter or amend a judgment. See, *Diversified Telecom Servs. v. Clevinger*, 268 Neb. 388, 683 N.W.2d 338 (2004); *Central Neb. Pub. Power v. Jeffrey Lake Dev.*[, 267 Neb. 997, 679 N.W.2d 235 (2004)]; *DeBose v. State*, 267 Neb. 116, 672 N.W.2d 426 (2003); *State v. Bellamy*[, 264 Neb. 784, 652 N.W.2d 86 (2002)]; *Vesely v. National Travelers Life Co.*, 12 Neb. App. 622, 682 N.W.2d 713 (2004). In the future, we request the practicing bar to carefully consider the nature of the proceeding prior to filing any motion calling into question a court's judgment.

*Weeder*, 269 Neb. at 120, 691 N.W.2d at 513.

Other than the sentence emphasized from *Allied Mut. Ins. Co. v. City of Lincoln*, 269 Neb. 631, 694 N.W.2d 832 (2005), the Nebraska Supreme Court appears to direct us to convert an improperly filed postjudgment motion into a motion to alter or amend a judgment to allow for the tolling of the time to file an appeal. So although the language in *Allied Mut. Ins. Co.* gives me pause, I join with the majority in its apparent decision to allow the appeal to be decided on its merits rather than dismissing on jurisdictional grounds.